Irving Wolff, Miami, Fla., for plaintiffs.

Bernard F. Siegel, Coral Gables, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon a Complaint for Declaratory Judgment and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Plaintiffs are Chapter 11 debtors in the above styled case. The amended plan of reorganization filed by the debtors proposes to sell certain parcels of real estate belonging to the debtors and use the proceeds of the sales to pay creditors. Pursuant to the amended plan of reorganization an auction was arranged to sell the property known as the Jolean Motel, located at 30201 South Federal Highway, Homestead, Florida. On the premises of the property is a restaurant which was leased by the plaintiffs to the defendants pursuant to a lease agreement. Paragraph 10 of the lease agreement provides that in the event of sale of the leased property, the defendants agrees to vacate the premises upon receipt of 60 days written notice.

At the time of the auction, a representative of the defendants appeared with a purported copy of the lease in which the 60 day

In re Sherman L. ROSECRANTS and Geraldine A. Rosecrants, Debtors.

Sherman L. ROSECRANTS and Geraldine A. Rosecrants, Plaintiff,

v.

ACUTE ENTERPRISE, INC., d/b/a Roly Poly Pizza and Gloria Ocuto, Defendants.

Adv.No. 82–1040–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

May 31, 1983.

notice of said provision had been allegedly cancelled by drawing lines through the said provision and by insertion of the word "omit" between the first and second paragraphs of the provision. The "cancellation" was allegedly initialed in the margin by the plaintiffs and defendants.

The defendants contend that at the time the lease was executed the plaintiffs agreed to strike paragraph 10 from the lease and that after striking the provision, the plaintiffs and the defendants thereupon placed their initials in the margin beside the provision. The plaintiffs contend that they never agreed to strike the 60 day notice provision from the lease and deny that they placed any initials in the margin of the lease by the 60 day notice provision.

Based upon the evidence presented and resolving all conflicts in connection therewith, this Court finds that the initials in the margin of the above mentioned lease agreement are not the initials of the plaintiffs and are of no legal effect. This Court further finds that the 60 day notice of sale provision found within paragraph 10 of the lease agreement is in effect.

A final judgment will be entered in accordance with these findings and conclusions of law.